UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____
|
|
JAYMIE J. ESCH,                              |   Case No. 1:09-cv-144
|
Plaintiff,                                   |   HONORABLE PAUL L. MALONEY
|
v.                                           |   Magistrate Judge Joseph G. Scoville
|
COMMISSIONER OF SOCIAL SECURITY,             |
|
Defendant.                                   |
|
_____

**OPINION and ORDER**

**Overruling the Petitioner's Objections and Adopting the R&R;
Affirming the Commissioner's Denial of Disability Benefits
Entering Judgment in Favor of the Defendant;
Terminating and Closing the Case**

Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), this matter was automatically referred to the Honorable Joseph G. Scoville, United States Magistrate Judge, who issued a Report and Recommendation ("R&R") on January 13, 2010. Plaintiff filed a timely objection on January

17, 2010.[1][2] The court also finds that plaintiff's objection is sufficiently specific and articulated to trigger *de novo* review of the portions of the R&R to which he has objected.[3]

**The court finds the R&R to be well-reasoned and is unconvinced by the plaintiff's objection.** For the reasons explained by the R&R, substantial evidence supported the ALJ's determination that Esch's generalized anxiety disorder ("GAD")[4] did not render him disabled

---

[1]

Both the Federal Rules of Civil Procedure and the Federal Magistrates Act were amended effective December 1, 2009 to simplify the calculation of time periods. *See* PUB. L. NO. 111-16 § 6(1), 123 Stat. 1608. A party now has fourteen days to file objections after being served with an R&R, instead of ten. *See* 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72 and W.D. MICH. LCIVR 72.3(b)). The fourteen days did not start until the day after the parties were served, *see* FED. R. CIV. P. 6(a)(1)(A) (when calculating a time period, the period does not begin until the day after the event that triggers the right or obligation), and the court counts all calendar days, including weekends and federal holidays, *see* FED. R. CIV. P. 6(a)(1)(B).

[2]

The Commissioner had fourteen days from service of the objections to file a response, *see Horacek v. Caruso*, 2008 WL 4820483, *1 n.1 (W.D. Mich. Oct. 30, 2008) (Maloney, C.J.) (citing W.D. MICH. LCIVR 72.3(b)), but the court finds that a response is unnecessary.

[3]

"'Only those objections that are specific are entitled to a *de novo* review under the statute.'" *Westbrook v. O'Brien*, 2007 WL 3462337, *1 (W.D. Mich. Nov. 15, 2007) (Maloney, J.) (citing *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (no *de novo* review where the objections are frivolous, conclusory or too general because the burden is on the parties to "pinpoint those portions of the Magistrate's report that the district court must specifically consider")).

[4]

"One authoritative source sets out six criteria for diagnosing GAD:

'The essential feature of Generalized Anxiety Disorder is excessive anxiety and worry (apprehensive expectation), occurring more days than not for a period of at least 6 months, about a number of events or activities. (Criterion A). The individual finds it difficult to control the worry. (Criterion B). The anxiety and worry are accompanied by at least three additional symptoms from a list that includes restlessness, being easily fatigued, difficulty concentrating, irritability, muscle tension, and disturbed sleep . . . . (Criterion C).

The focus of the anxiety and worry is not confined to features of another Axis I disorder such as . . . Panic Disorder . . . Social Phobia . . . Obsessive-Compulsive

2

between his alleged disability onset date (November 1, 2002) and his decision (August 18, 2008).

The ALJ found that Esch retained the residual functional capacity ("RFC") to perform a full range of exertional work so long as it involved only minimal contact or discussion with coworkers, minimal contact with or directions from a supervisor, and only brief or superficial contact with the general public. He based that finding in part on his assessment that Esch's testimony regarding his subjective functional limitations was not fully credible, stating, in pertinent part:

> The claimant is receiving medications from his primary care physician. He is not getting treatment from a psychologist, psychiatrist, or counselor. Nurse Markison indicated that the claimant needs treatment with psychiatry but did not have insurance to cover that . . . . It is noted, however, that in the State of Michigan, low[-]cost or sliding scale medical and psychological treatment is available through [the] Community Mental Health Department and other participating physicians for individuals who qualify based on low income. Thus, it is not clear to the undersigned why the claimant has not availed himself of such services for regular medical treatment.

AR 17. Similarly, the ALJ noted that a third party's report of Esch's alleged efforts to obtain psychiatric treatment did not constitute meaningful evidence because it lacked any detail whatsoever:

> Pam Markison, a nurse practitioner, supplied a note stating that plaintiff's health plan did not cover psychiatry and that he had "tried multiple resources in the community

---

> Disorder . . . and the anxiety and worry do not occur exclusively during Posttraumatic Stress Disorder (Criterion D). Although individuals with [GAD] may not always identify the worries as "excessive", they report subjective distress due to constant worry, have difficulty controlling the worry, or experience related impairment in social, occupational, or other important areas of functioning (Criterion E). The disturbance is not due to the direct physiological effects of a substance (i.e., a drug of abuse, a medication, or toxin exposure) or a general medical condition and it does not occur exclusively during a Mood Disorder, a Psychotic Disorder, or a Pervasive Developmental Disorder (Criterion F).'"

*Edwards v. SSA*, 654 F. Supp.2d 692, 697 (W.D. Mich. 2009) (Maloney, C.J.) (quoting *Kornecky v. SSA*, 167 F. App'x at 496, 502 n.4 (6th Cir. 2006) (Griffin, J.) (quoting DSM-IV-TR at 472-73)).

> for mental health and he [did] not qualify for any of those." (A.R. 213) This vague statement that plaintiff had, on some unspecified occasion or occasion[s], "tried multiple resources in the community for mental health" and purportedly did not qualify "for any of those" (A.R. 213) was not entitled to any particular weight.

R&R at 8. And Esch's objection conveniently omit the Magistrate Judge's next sentence: "It provided the ALJ with no explanation [of] when or where plaintiff had sought mental health care and did not describe any of the reasons why these purported requests were denied." *Id.* Esch responds merely that "[t]here is no sense of vagueness in the assertion [that Esch sought psychiatric treatment], nor is there any evidence, vague or otherwise[,] to rebut the express statement of the claimant's psychological treater that additional treatment was desired, prescribed, and sought, but unobtainable for this claimant." Esch's Objections at 2 ¶ 3.

It is true that "[i]f the claimant can show that his failure to obtain [a] . . . treatment . . . was attributable to lack of funds, an ALJ may reasonably decide that the failure [adhere to that] regimen does *not* undermine the credibility of his subjective complaints." *Bieschke v. SSA*, 2009 WL 735077, *6 n.5 (W.D. Mich. Mar. 12, 2009) (Maloney, C.J.); *Veltkamp v. SSA*, 528 F. Supp.2d 716 (W.D. Mich. 2007) ("The ALJ also found significant Plaintiff's 'spotty history' of treatment for his mental illness. While the ALJ is not necessarily incorrect that plaintiff 'has an inconsistent treatment record,' a closer examination of the issue is necessary. At the administrative hearing, Plaintiff testified that he has been unable to obtain treatment consistently because he lacks insurance or other means to pay for such.").

But Esch's "argument" regarding his putative inability to afford psychiatric treatment is nothing more than a conclusory assertion. It flies in the face of the words which the Nurse Practitioner used to describe his alleged efforts to obtain such treatment. The Nurse Practitioner's description of Esch's alleged efforts are the epitome of vagueness, specifying nothing about the

4

location of any facility he claims he visited or the approximate dates he supposedly visited them. As a practical matter, such evidence is not probative, let alone a contributor to "substantial" evidence, because there is no way to investigate and verify whether any such facility had any record or recollection of him visiting during the relevant time period. On this record, then, the ALJ would arguably not even be *justified* in concluding that Esch tried to obtain psychiatric treatment and would have done so but for the financial obstacle. *A fortiori* the ALJ would not be *compelled* to conclude that the reason for Esch's failure to obtain psychiatric treatment was his lack of funds and insurance rather than his lack of a genuine severe psychiatric condition amenable to such treatment.

**Because the ALJ committed neither legal nor factual error in this regard, he was entitled to apply the rule that a claimant's failure to seek medical treatment for an alleged condition over a long period of time may be considered to weigh against his contention that the condition is disabling.** In addition to R&R at 6 (citing *Strong v. SSA*, 88 F. App'x 841, 846 (6th Cir. 2004)). *See also Myatt v. SSA*, 251 F. App'x 332, 336 (6th Cir. 2007) ("*The ALJ found Myatt to be not fully credible* because due to inconsistencies between Myatt's testimony, medical history, and information he and his wife submitted to the SSA, and *due to Myatt's delay in seeking mental health treatment*.") (emphasis added); *Calvin v. Astrue*, 2010 WL 55452, *17 (M.D. Tenn. Jan. 7, 2010) (substantial evidence supported determination that diagnosed anxiety was not severe because claimant "never sought any mental health treatment or counseling and never had been hospitalized for a mental condition.").

For these reasons, Esch fails to show any defect in the R&R, which correctly suggests that the ALJ applied the right legal standard and reached a conclusion supported by substantial evidence.

**ORDER**

Having reviewed the complaint, the parties' briefs, the R&R, and the plaintiff's objection:

The plaintiff's objections [document # 11] are **OVERRULED**.

The R&R [document # 10] is **ADOPTED**.

The complaint is **DISMISSED**.

Judgment will be entered by a separate contemporaneous document, per FED. R. CIV. P. 58.

This case is **TERMINATED** and **CLOSED**.

This is a final order.

**IT IS SO ORDERED this  25th  day of January 2010.**

                                        /s/ Paul L. Maloney
                                        Honorable Paul L. Maloney
                                        Chief United States District Judge